O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | |
|---|---|
| **BAVARIA INTERNATIONAL AIRCRAFT LEASING GMBH & CO. KG**, a German Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>**LINEAS AEREAS AZTECA, S.A. de C.V.**, a Mexican Corporation,<br><br>Defendant. | Civil Action No. 5:07-cv-00033 |

## OPINION AND ORDER

Pending before the Court is Plaintiff Bavaria International Leasing GmbH & Co. KG's ("Bavaria") Motion to Remand [Dkt. No. 10]. Upon due consideration of the pleadings, responsive filings, and the governing law, the Court **DENIES** Plaintiff's Motion to Remand.

### I. PROCEDURAL HISTORY AND RELEVANT FACTS

The current lawsuit concerns the ownership rights to and possession of a Boeing Model 737 jet aircraft engine. The engine was covered by one of two aircraft purchase agreements ("the Aircraft Purchase Agreements") made on July 6, 2004 between Plaintiff Bavaria and Defendant Lineas Aereas Azteca, S.A. de C.V. ("Azteca"). [Dkt. No. 1-4 at 20-60]. The Aircraft Purchase Agreements provide for arbitration of any dispute arising out of or relating to the Agreements. [Dkt. No. 1-4 at 29-30, 49-50]. Bavaria contends that Azteca retained the aircraft but failed to make any payments for them. [Dkt. No. 10 ¶ 6]. Bavaria initiated arbitration, and on September 19, 2006, a panel of the International Court of Arbitration in Paris, France found that Azteca had breached the Aircraft Purchase Agreements. The panel awarded Bavaria $18,350,000 US plus

costs, fees, and interest ("the Foreign Arbitration Award" or "the Award"). [Dkt. Nos. 1-4 at 61-75 & 1-5 at 1-41]. Azteca has appealed this decision. [Dkt. No. 1-1 ¶ 9].

In the months following the Foreign Arbitration Award, Bavaria brought various actions in U.S. state courts to confirm or protect its interests. Specifically, on October 31, 2006, Bavaria filed suit in California Superior Court to confirm the Foreign Arbitration Award ("the California action"). [Dkt. No. 1-4 at 14-19]; *see* 9 U.S.C. § 207. Bavaria obtained on November 22 a restraining order enjoining Azteca from removing a Boeing 737-700, serial number 32407, from California. [Dkt. Nos. 1-13 at 5-6, 1-17 at 64-65]. In early 2007, Bavaria learned that Azteca had sent two of the four engines on that aircraft, with engine serial numbers (ESN's) 725402 and 725405, from California to Georgia for service and repairs. *Id.* These ESN's appear on one of the 2002 Aircraft Purchase Agreements. [Dkt. No. 1-4 at 57].[1] On February 26, 2007, Bavaria obtained from a Georgia state court a "Temporary Restraining Order, Interlocutory Injunction and Emergency Writ of Ne Exeat" enjoining Azteca from removing the engines from Georgia. [Dkt. No. 1-4 at 11-13]. However, one engine, ESN 725402, had already been transported to Azteca in Mexico, while the other, 725405, was in Laredo, Texas in anticipation of being sent to Mexico. [Dkt. No. 1-13 at 6-7].

On February 27, 2007, Bavaria filed the current action: a Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction and for Equitable Relief, in the 49th Judicial District Court of Webb County, Texas, Cause No. 2007CVQ000322-D1 ("the Laredo action"). [Dkt. No. 1-4 at 1-10].[2] This action was filed to

---

[1] There are discrepancies. On Page 15 of the Agreement [Dkt. No. 1-4 at 54], the ESN's listed are 722405 and 722402. Three pages later, the ESN's listed are 725405 and 725402, [Dkt. No. 1-4 at 57]. However, the aircraft serial number is identical: 24214. The Court assumes that the numbers 722405 and 722402 are a misprint. A separate question is whether Azteca changed the enginges from aircraft 24214 to 32407, which is named in the California restraining order. In any case, because the Laredo action concerns an engine covered by the original purchase agreements, the Court will not deem the factual inconsistencies fatal to maintaining this case.

[2] Bavaria later amended the Laredo action and obtained various extensions. [Dkt. No. 1-12].

prevent Azteca from removing ESN 725405 from Laredo. [Dkt. No. 1-13 at 6-7]. Bavaria obtained an extension on the restraining order through March 21, 2007, and Azteca was ordered by the 49th Judicial District Court to appear and answer on March 21, 2007. [Dkt. No. 1-19 at 2, 4]. However, on March 20, 2007, Azteca removed this suit to this Court, pursuant to 28 U.S.C. §§ 1441, 1446, and 9 U.S.C. § 205. [Dkt. No. 1-1]. On April 16, 2007, Bavaria moved to remand the case to state court pursuant to 28 U.S.C. § 1447(c). [Dkt. No. 10].[3]

## II.   DISCUSSION

It is axiomatic that the Courts of the United States are courts of limited jurisdiction, and thus may only hear cases and controversies to the extent that these arise under the Constitution and pertinent acts of Congress. 28 U.S.C. § 1331; *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Consequently, the federal courts typically "strictly construe" removal jurisdiction, placing the burden of establishing jurisdiction upon the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). The instant case involves ownership and possessory rights to an aircraft engine, a concern which might not ordinarily give rise to a claim under the Constitution and laws of the United States. In such a case, federalism concerns may present a compelling case for remanding the action to state court. *See Willy*, 855 F.2d at 1164.

### A.   Does The Convention on Foreign Arbitral Awards Apply?

This case presents a different permutation, however: the Aircraft Purchase Agreements subject any dispute to resolution via arbitration. [Dkt. No. 1-4 at 49-50]. Moreover, the Foreign Arbitration Award now apparently binds the same parties and governs those parties' rights to the

---

[3] Azteca has moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 5]. However, the Court will first address the motion to remand. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (holding that jurisdiction must be established before a court may inquire into the merits of the case).

aircraft engine, ESN 725405.  [*See* Dkt. No. 1-5 at 6].  Federal courts have original jurisdiction over arbitration agreements or awards that fall under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention").  9 U.S.C. §§ 201-03.  Because the United States is a signatory, agreements and awards that fall under the Convention are "deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203.[4]  Federal courts also have removal jurisdiction over any action filed in state court which "relates to an arbitration agreement or award falling under the Convention . . . ."  9 U.S.C. § 205.  As the Fifth Circuit has noted, Congress created a "low bar" with this liberal grant of jurisdiction in order to uniformly implement the United States' obligation under the Convention to enforce arbitral judgments. *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002).  Analogizing the "relates to" language of Section 205 to the similarly worded standard governing removal of bankruptcy cases, *see* 28 U.S.C. § 1334, the Fifth Circuit reasoned that removal is proper if an arbitration award "could *conceivably* affect" the outcome of the case.  *Beiser*, 284 F.3d at 669 (emphasis in original).  A court need only examine the face of the complaint or the removal notice, without an inquiry into the merits or substantive evidence.  *Id.* at 671-72.

### B.    The Foreign Arbitration Award Relates to the Laredo Action

This Court must determine whether the Foreign Arbitration Award "relates to" the Laredo action.  *See* § 205.  If the complaint or notice of removal presents some non-frivolous basis for so concluding, this Court has subject matter jurisdiction over the Laredo action.  *See Beiser*, 284 F.3d at 669-72. *Warrantech*.  The Court finds that Azteca's Notice of Removal [Dkt. No. 1-1] easily meets the "low bar" required to confer removal jurisdiction under Section 205.  *See Beiser*,

---

[4] Congress implemented the Convention at 9 U.S.C. §§ 201-208.  Not all arbitration agreements and awards fall under the Convention, however.  Basically, the underlying dispute must be commercial in nature, and at least one of the parties must not be a United States citizen, or the dispute must concern a foreign property or action.  § 202; *see also* U.S. CONST. Art. III, § 2 (extending the judicial power of the United States Courts to U.S. treaties).

284 F.3d at 674. As noted, the parties to this action are the parties to the Foreign Arbitration Award, which itself undisputedly falls under the Convention. Moreover, the restraining order obtained by Bavaria in Texas state court concerns an aircraft engine, ESN 725405, covered by that Award. [Dkt. No. 1-1 ¶¶ 9, 11]. Thus, on the face of the removal notice, Azteca makes a non-frivolous assertion that the Award "relates to" the Laredo action. *Id.*; *see* § 205. Not only has Azteca met its "low bar," *see Beiser*, 284 F.3d at 674, but the Court also finds that evidence submitted with the Notice of Removal, namely a sworn affidavit of Rochus Mönter, Vice President and General Counsel for Bavaria—the party opposing this Court's exercise of subject matter jurisdiction—demonstrates that the Award relates to the Laredo action. [*See* Dkt. No. 1-13 at 3-10].

Finally, Bavaria's own Motion to Remand underscores that the Laredo action is intertwined with Bavaria's other efforts to enforce the Award:

> The First Amended Petition refers to the Final Award solely as background information and as evidence of [Bavaria's] legal and equitable interest in the Engine which is necessary to establish [Bavaria's] probable right of recovery. This case does not seek confirmation of the Final Award. The only case in which [Bavaria] seeks confirmation of the Final Award is the California case, not this case.

[Dkt. No. 10 ¶ 9]. That Bavaria seeks confirmation of the Award in California, but mere enforcement of its rights under the Award in the Laredo action, is distinction without difference. *Cf.* § 207 (allowing confirmation of an arbitral award under the Convention in "any court having jurisdiction under this chapter"). Bavaria's putative rights in this action either derive from, or will be affected by, the Award and the California action to confirm it. While the Laredo action initially concerned only an ex parte restraining order, Azteca has appeared and now disputes Bavaria's rights and has filed a Motion to Dismiss. [Dkt. No. 5]. If the Laredo action does not meet the "relates to" standard of Section 205, it is doubtful that any action would besides a suit

5

for confirmation under Section 207. Bavaria urges precisely this construction. [Dkt. No. 13 at 5]. The Court will not so construe the statute in light of a broad statutory grant of jurisdiction and precedent commanding the Court to exercise jurisdiction. *See Beiser*, 284 F.3d at 674.

### C.   The Purchase Agreements Also Confer Jurisdiction On This Court

While Bavaria denies that the Foreign Arbitration Award "relates to" the Laredo action, it fails to dispute a more straightforward basis of this Court's jurisdiction: the Aircraft Purchase Agreements. Specifically, Section 13 of the Agreements binds the parties to resolve disputes relating to the aircraft via arbitration. [Dkt. No. 1-4 at 29-30, 49-50]. Where, as here, a legal relationship exists between non–United States citizens which is contractual in nature, an "arbitration agreement *or* arbitral award" falls under the Convention. § 202 (emphasis added). The statute's use of the disjunctive thus provides an independent reason why this Court should retain jurisdiction. Here, both possible bases—an arbitration agreement *and* an arbitral award— are met. Even if, as Bavaria asserts, the Foreign Arbitration Award does not relate to the Laredo action, it has never denied that the 2004 Aircraft Purchase Agreements, in which the parties agree to submit disputes to arbitration, fall within the Convention. [*See* Dkt. No. 1-4 at 29-30, 49-50]. Rather, Bavaria itself brought an arbitration action following Azteca's breach of the Purchase Agreements. Bavaria also relies on the Aircraft Purchase Agreements as evidence of its rights to the engine. [Dkt. No. 10 ¶¶ 5-9]. Therefore, the Court concludes that the arbitration agreement contained in the Aircraft Purchase Agreements "relates to" the Laredo action. *See* § 205. Jurisdiction is proper.

### D.   The Exercise of Jurisdiction Is Consistent With Principles of Federalism

The Court is alerted to federalism concerns implicated by the exercise of jurisdiction. As Bavaria points out, removing the Laredo action to Federal Court interrupted a state court

6

proceeding, and maintaining the case in this Court deprives the 49th Judicial District Court of Webb County of power to adjudicate the matter. [Dkt. No. 10 ¶ 8]. Federal Courts of limited jurisdiction must exercise reticence if depriving a co-equal sovereign, here the State of Texas, of the power to adjudicate a matter of interest to it. *See Beiser*, 284 F.3d at 674-75. Nevertheless, the Fifth Circuit reasoned that via Section 205, Congress validly conferred jurisdiction on federal courts in order to further a federal policy, one which favours arbitration of disputes where the Convention applies. *See id.*

### E. The Court Need Not Evaluate the Merits of the Case at this Time

Insisting that the case must be remanded, Bavaria also points to the purported merits of its underlying claims, insisting that it has "crystal clear" legal and equitable title to the aircraft engines. [Dkt. No. 10 ¶¶ 5-9]. However, the Fifth Circuit instructs that this is legally irrelevant to the question of whether the removal standard is met, at least initially, as delving into the legal sufficiency or merits of the parties' respective claims is unnecessary and carries the risk of misusing judicial resources. *See Beiser*, 284 F.3d at 671-72. This concern is especially prescient in the instant matter, as the Laredo action is one of four ongoing, interrelated actions, the others being the appeal of the Foreign Arbitration Award in Paris, the California action to confirm the Award, and the Georgia temporary restraining order. [Dkt. No. 1-1 ¶¶ 9-11]. Thus, it is in the interest of consistency and judicial economy for this Court to exercise jurisdiction without yet inquiring into the underlying merits.

The Fifth Circuit explicitly approved of this approach in *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 575-76 (5th Cir. 2006). In that case, also removed under Section 205, the district court initially denied a motion to remand, until adjudication of the merits revealed that there was no longer a non-frivolous basis for asserting any claim or defence

7

falling under the Convention. *Id.* at 574-75. The district court then dismissed for lack of subject matter jurisdiction. *Id.* Given the dynamic nature of this case and the many unresolved issues of fact, applying a wait-and-see approach is appropriate. A remand based on a holding that neither the arbitration agreement nor the Foreign Arbitration Award relates to the Laredo action would create a final, unreviewable judgment. *See Beiser*, 284 F.3d at 672-74; 28 U.S.C. § 1447(d). Res judicata would preclude the parties from ever again contesting that the dispute falls under the Convention. *See Beiser*, 284 F.3d at 672-74. A denial of a motion to remand, on the other hand, may be appealed. Appeal affords the parties a critical opportunity to dispute the question of subject matter jurisdiction *before* the Court adjudicates the merits of the case, with attendant res judicata effects. *See id.*

Moreover, the exercise of subject matter jurisdiction here is not inconsistent with the Supreme Court's holding in *Steel Co.*, which struck down the practice of allowing evaluation of a case's merits where subject matter jurisdiction was not yet established. *See* 523 U.S. at 101. Rather, in this case, the Court finds that it has subject matter jurisdiction under the Fifth Circuit's "non-frivolous connection" test. *See Warrantech*, 461 F.3d at 575-76; *Beiser*, 284 F.3d at 669. Should subsequent filings or evidence show that a non-frivolous connection to the arbitration agreement or the Foreign Arbitration Award is actually lacking, the Court will remand this action to state court. *See* 28 U.S.C. § 1446(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.     CONCLUSION

Based upon its examination of the pleadings and other relevant evidence, the Court holds that it has removal jurisdiction over the Laredo action pursuant to 9 U.S.C. § 205. Bavaria's Motion to Remand [Dkt. No. 10] is **DENIED**.

IT IS SO ORDERED.

Done this 6th day of September, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**